```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON


THOMAS S. TALBERT,

        Plaintiff,

v.                              Case No. 2:10-cv-01148

LEGISLATURE OF THE STATE OF
WEST VIRGINIA,
as Lt. Governor as,
MR. EARL RAY TOMBLIN,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff has filed a Complaint under 42 U.S.C. § 1983 (docket # 2) and an Amended Complaint (# 10). Plaintiff is currently an inmate at the Mount Olive Correctional Complex, serving a sentence of life imprisonment due to his status as an habitual offender, upon his third conviction of felony driving under the influence (third offense). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Amended Complaint requests the Court to issue an injunction against the State of West Virginia "from enforcing W. Va. Code 17C-5-2 against Petitioner," and to declare that statute to be unconstitutional.

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual

allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## **PROCEDURAL HISTORY**

Attached to Plaintiff's Amended Complaint are documents relating to his prosecution in the Circuit Court of Cabell County, West Virginia. On August 10, 2001, Plaintiff entered guilty pleas to the felony offense of "3rd Offense Driving Under the Influence of Alcohol," and two misdemeanors (driving on a suspended or revoked license because of DUI conviction, and obstruction of a police officer). State v. Talbert, No. 01-F-177 (Cir. Ct. Cabell Cty, Aug. 13, 2001) (# 10, Ex. A at 11-15). He was sentenced to 1-to-3 years on the felony, with sentences on the misdemeanors

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

running concurrently. Id.

On January 18, 2006, a Cabell County grand jury indicted Plaintiff for two violations: third offense driving under the influence of alcohol (convicted in 2001 and 2003), and third offense driving on a suspended or revoked license because of DUI conviction. State v. Talbert, No. 06-F-3 (Cir. Ct. Cabell Cty, Jan. 18, 2006) (# 10, Ex. B, at 17.) Upon review of the docket sheet of that case, it appears that Plaintiff was convicted of third offense driving under the influence of alcohol, and the State dismissed without prejudice the charge of third offense driving on a revoked license. The State filed an information pursuant to West Virginia Code § 61-11-18(c), charging that Plaintiff is a recidivist. On January 26, 2007, Plaintiff was convicted of being an habitual offender and sentenced to life imprisonment with mercy. State v. Talbert, No. 06-F-3 (Order of Commitment, Jan. 26, 2007). The docket sheet reflects that a petition for appeal was mailed to the Supreme Court of Appeals of West Virginia on September 15, 2010.

## ANALYSIS

Plaintiff's Amended Complaint alleges that his conviction and sentence violates the Ex Post Facto Clause of the Constitution. His arguments are based on amendments to West Virginia Code § 17C-5-2. He contends that when a statute is repealed by a subsequent enactment, the conviction on the repealed statue "expires."

(Amended Complaint, # 10, at 3.)  He claims that when he was convicted of third offense DUI, he had no prior offenses because the statutes had been changed and thereby repealed.  Id. Plaintiff's contentions have no merit.  While there have been changes to the DUI statute throughout the period of Plaintiff's convictions (2001 through 2007), none of the changes increased the penalty for third offense DUI, and none of the changes served to "expire" prior convictions for DUI.  Plaintiff's life sentence was dictated by the recidivist statute, not the DUI statute (except to the extent that the DUI statute provides that a third offense DUI is a felony).[2]

Plaintiff has named the West Virginia Legislature and the President of the Senate as defendants, although they have no authority to prosecute Plaintiff or to enforce the statutes against him.  Only the prosecuting attorney (or a special prosecutor) has the authority to bring criminal charges against a defendant in West Virginia circuit courts.

If Plaintiff wishes to raise Federal constitutional challenges to his conviction and sentence, Plaintiff must exhaust his State remedies and he will be subject to the one-year period of limitation set forth in 28 U.S.C. § 2244.

The undersigned proposes that the presiding District Judge

---

[2] In Appleby v. Warden, Northern Regional Jail and Correctional Facility, 595 F.3d 532 (4th Cir. 2010), the Fourth Circuit discussed application of the West Virginia recidivist statute to a defendant who pled guilty to DUI third offense, and affirmed the denial of habeas corpus relief.

**FIND** that Plaintiff's Amended Complaint for declaratory and injunctive relief fails to state claims upon which relief can be granted and is legally frivolous.

It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1) be denied, that Plaintiff's Motion for Preliminary Injunction (# 9) be denied, and that this action be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such

objections shall be provided to opposing counsel and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

<u>October 13, 2010</u>
      Date

Mary E. Stanley
United States Magistrate Judge