IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS S. TALBERT,

          Plaintiff,

v.                                    CIVIL ACTION NO. 2:10-cv-01148

LEGISLATURE OF THE STATE OF
WEST VIRGINIA, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

This *pro se* action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Proposed Findings and Recommendation ("PF&R") [Docket 14]. The PF&R recommends that the court **DISMISS** the action with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A, and **DENY** both the application to proceed without prepayment of fees or costs [Docket 1] and the plaintiff's Motion for Preliminary Injunction [Docket 9].

The plaintiff has filed specific objections to the PF&R [Docket 15], and the court has reviewed *de novo* those portions of the PF&R to which the plaintiff has objected. As explained below, the court **DISMISSES** this action with prejudice under 28 U.S.C. § 1915A for failure to state a claim, **DENIES** the application to proceed without prepayment of fees or costs, and **DENIES** the Motion for Preliminary Injunction. The court further **DENIES** the Motion for Appointment of Counsel [Docket 16] and **DENIES** the Motion to Amend Complaint [Docket 19].

The plaintiff, Thomas S. Talbert, is currently incarcerated at Mount Olive Correctional Complex in West Virginia. After being convicted of DUI offenses in 2001 and 2003, the plaintiff was convicted in January 2006 in Cabell County of third-offense DUI. Thereafter, the plaintiff was charged by the State of West Virginia as a recidivist under W. Va. Code § 61-11-18(c). He was convicted of that offense on January 26, 2007, and sentenced to life in prison with mercy. He brought this suit for declaratory and injunctive relief under 28 U.S.C. § 1983 on September 28, 2010. The plaintiff maintains that the recidivist statute under which he was sentenced to life imprisonment contravenes the Ex Post Facto Clause of the U.S. Constitution. He asserts that the DUI offense statute in effect at the time of his 2001 and 2003 convictions was "repealed" by subsequent revisions to the DUI statute. Accordingly, he contends that those prior convictions cannot be used, consistent with the Ex Post Facto Clause, as "elements" of the recidivist offense for which he is currently serving a life sentence. The plaintiff concedes that his direct appeal of his recidivist conviction is still pending with the Supreme Court of Appeals of West Virginia.

The PF&R recommends that the court dismiss the complaint under 28 U.S.C. § 1915A(b)(1), as it fails to state a claim upon which relief may be granted. In seeking a declaratory judgment and an injunction prohibiting West Virginia from enforcing its recidivist statute against him, the plaintiff is essentially seeking release from what he claims is unconstitutional confinement. The proper avenue for a state prisoner to present such a claim is by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Harvey v. Horan*, 278 F.3d 370, 377 (4th Cir. 2002) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)). In short, "the federal habeas corpus statute is explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement." *Id.* (internal quotation marks omitted). As the PF&R advises the plaintiff, he must

exhaust his state remedies, including his direct appeal, before brining a habeas petition under § 2254. Accordingly, the court **DISMISSES** the plaintiff's complaint for declaratory and injunctive relief, the court **DENIES** the application to proceed without prepayment of fees or costs, and the court **DENIES** the Motion for Preliminary Injunction.

As to the plaintiff's Motion to Amend the Complaint, the plaintiff seeks to add a claim for false imprisonment and to buttress his prayer for relief with a request for damages and attorney's fees. Both the Supreme Court and the Fourth Circuit, however, have completely foreclosed a § 1983 claim in these circumstances. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Harvey*, 278 F.3d at 374. In short, a state convict "cannot bring a § 1983 action that would 'necessarily imply the invalidity of his conviction or sentence' unless he proves that his 'conviction or sentence has already been invalidated.'" *Harvey*, 278 F.3d at 374 (quoting *Heck*, 512 U.S. at 486-87)). In light of these authorities, the plaintiff's Motion to Amend the Complaint is **DENIED** as futile. *See U.S. Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 320 (4th Cir. 2010).

Finally, the plaintiff has filed a Motion for Appointment of Counsel. Although the plaintiff has no constitutional right to counsel, he is entitled to counsel under 28 U.S.C. § 1915(e)(1) if his case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). In articulating that standard, the Fourth Circuit has said that if a *pro se* "litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.* Because the court **FINDS** that the plaintiff lacks a colorable claim, the Motion for Appointment of Counsel is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2011

_____
Joseph R. Goodwin, Chief Judge